CHIEF JUSTICE GRAY
specially concurring.
¶21 I specially concur in the Court’s opinion. I strenuously dissented from the Court’s decision in Larson-Murphy and still believe it was incorrect. The Court having stated the law in that case, however, I am as bound by it as are all other Montanans. The Court properly incorporates Larson-Murphy into its discussion and analysis in the present case.
¶22 Moreover, I agree entirely with the Court’s interpretation of the plain language of § 81-4-215, MCA. To vary it in response to Zenchiku’s arguments would be to overstep both our constitutional obligation to refrain from exercising power properly belonging to the Legislature and our statutory obligations with regard to the interpretation of statutes. See Art. Ill, Sec. 1, Mont. Const.; §§ 1-2-101 through 1-2-208, MCA.
¶23 Addressing several of Zenchiku’s specific arguments, I offer the following observations. Regarding the assertion that a strict liability interpretation would be a new development in Montana law, I need state only that the Court and I totally agree. The reason, as the Court points out, is that the statute at issue here has not been interpreted by this Court during its 115-year history. Such interpretations, when a new matter is raised, often result in “a new development in Montana law.” Next, Zenchiku’s several arguments that strict liability is “inappropriate” should be addressed to the Legislature which created § 81-4-215, MCA, not to this Court. The same is true of Zenchiku’s assertion that cooperative relations, mutual efforts and shared responsibility for costs and maintenance for the fence “should provide for a shared negligence standard.” Such changes in § 81-4-215, MCA, properly can be made only by the Legislature.
¶24 In sum, I join in the Court’s opinion and result, notwithstanding my previous dissent in Larson-Murphy.